UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TYNEKIA SMITH,

                Plaintiff,

v.

MACY'S CORPORATE and JEFFREY GENNETTE,

                Defendants.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
19-CV-1749 (LDH) (RER)

LaSHANN DeARCY HALL, District Judge:

    Plaintiff Tynekia Smith, proceeding pro se, brings the instant action against his former employer, Macy's Corporate and its CEO Jeffrey Gennette, asserting claims for unlawful termianation and failure to accommodate under Title VII of the Civil Rights Act of 1964 ("Title VII"). While the statement of facts submitted by the Plaintiff is brief, she alleges that she was improperly terminated during her maternity leave. (Compl. at 5, ECF No. 1.) She seeks monetary damages and reinstatement of her position. Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons discussed below, Plaintiff is granted thirty (30) days from the date of this memorandum and order to submit an amended complaint.

**STANDARD OF REVIEW**

    A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Iqbal*, 556 U.S. at 678. While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the [c]ourt's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp.

1

2d 556, 565 (E.D.N.Y. 1999). Instead, "the [c]ourt must merely determine whether the complaint itself is legally sufficient, and in doing so, it is well settled that the [c]ourt must accept the factual allegations of the complaint as true." *Id*. (internal citation omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, her pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)).

An *in forma pauperis* action shall be dismissed where the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). However, if a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).

## DICUSSION

### I. Title VII and the Pregnancy Discrimination Act

Plaintiff brings the instant action pursuant to Title VII. Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII was amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), to make clear that "discrimination based on a woman's

pregnancy is, on its face, discrimination because of her sex." *Newport News Shipbuilding & Dry Dock Co. v. E.E.O.C.,* 462 U.S. 669, 684 (1983). Specifically, the PDA clarified that discrimination "on the basis of sex" includes discrimination "because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work." 42 U.S.C. § 2000e(k).

While discrimination claims predicated on a woman's pregnancy may be rightly brought under Title VII, they are subject to Title VII's exhaustion requirements. That is, Plaintiff is required to file an administrative charge prior to commencing suit in federal district court. 42 U.S.C. § 2000e-5(e); *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015) (discussing Title VII exhaustion standard). "The purpose of this exhaustion requirement is to give the administrative agency the opportunity to investigate, mediate, and take remedial action." *Brown v. Coach Stores, Inc.,* 163 F.3d 706, 712 (2d Cir. 1998) (internal quotation marks omitted). "The administrative exhaustion requirement applies to *pro se* and counseled plaintiffs alike." *Fowlkes*, 790 F.3d at 384 (citing *Pikulin v. City Univ. of N.Y.,* 176 F.3d 598, 599-600 (2d Cir.1999) (*per curiam*)). In New York, a plaintiff must file her charge with the Equal Employment Opportunity Commission ("EEOC") or state or local agency within 300 days of the alleged discrimination. *See* 42 U.S.C. § 2000e-5(e)(1); *McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 75 (2d Cir. 2010); *Taylor v. City of New York*, 207 F.Supp.3d 293, 300 (S.D.N.Y. 2016). "Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling." *Francis v. City of New York*, 235 F.3d 763, 767 (2d

Cir. 2000) (internal quotation marks omitted); *see also Fernandez v. Chertoff*, 471 F.3d 45, 58 (2d Cir. 2006) ("Because [the] failure to exhaust [one's] administrative remedies is not a jurisdictional defect, it is subject to equitable defenses.").

Failure to timely file a charge of discrimination typically results in dismissal of the claim in federal court. *Brundage v. U.S. Dep't of Veterans Affairs,* No. 06 Civ. 6613, 2010 WL 3632705, at *3 (S.D.N.Y. Sept. 16, 2010). Here, Plaintiff alleges that she sent a letter to the CEO, but does not allege that she otherwise filed a charge of discrimination with the EEOC or any other appropriate state agency. (Compl. at 6.) Plaintiff also alleges that the conduct giving rise to her discrimination claim occurred on December 4, 2016—over two years before filing the instant action. Therefore, unless Plaintiff has already timely filed a charge of discrimination, it is not likely that a subsequent filing would be timely in these circumstances. For these reasons, Plaintiff's complaint is dismissed without prejudice, for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

In light of the Court's duty to liberally construe Plaintiff's complaint, Plaintiff is granted leave to file an amended complaint within 30 days from the entry of this Order. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. Plaintiff must also set forth the date she filed a charge of discrimination with the EEOC, and, if available, she should include a copy of the charge of discrimination as an exhibit. Plaintiff must include the Notice of Right to Sue issued by the EEOC. Failure to file an amended complaint with 30 days, as directed by this memorandum and order, will result in Plaintiff's case being dismissed for failure to prosecute. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in

good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

SO ORDERED:

    /s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
       August 13, 2019